UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ROXX ALISON LTD.,                                        ECF CASE

                         Plaintiff,            Case No. 19-cv-3000

   –against–                                     **COMPLAINT**

THE JEWELERS INC.
d/b/a THE JEWELERS OF LAS VEGAS,

                      Defendant.
-------------------------------------------------------x

     Plaintiff, Roxx Alison Ltd., by its attorneys, Kazlow & Kazlow, for its Complaint against

defendant, The Jewelers Inc. d/b/a The Jewelers of Las Vegas, states and alleges as follows:

### Parties

     1. Plaintiff, Roxx Alison Ltd., is, and at all relevant times was, a corporation formed and

existing under the laws of the State of New York, which currently maintains its principal office

and place of business at 310 E. 84th Street, New York, NY 10028, and formerly, during times

relevant to this action, maintained its principal office and place of business at 425 Madison

Avenue, Suite 1602, New York, NY 10017.

     2. Defendant, The Jewelers Inc., d/b/a The Jewelers of Las Vegas, is, and at all relevant

times was, a corporation formed and existing under the laws of the State of Nevada, which

maintains its principal office and place of business at 2400 Western Avenue, Las Vegas, NV

89102.

### Jurisdiction and Venue

     6. This Court has subject matter jurisdiction in this action due to the diversity of the

citizenship of the parties, pursuant to 28 U.S.C. § 1332(a)(1), and venue is proper in this district

pursuant to 28 U.S.C. § 1391(b)(2).

## Background Facts

7. Plaintiff is, among other things, a seller of fine jewelry.

8. During the period from about November 2014 through May 2017 defendant ordered various pieces of fine jewelry from plaintiff, either as outright purchases, or on memo consignment, for the purpose of resale.

9. Plaintiff accepted and filled defendant's orders by shipping the pieces of fine jewelry that defendant ordered to defendant.

10. With the exception of defendant's last order, plaintiff provided its jewelry to defendant on Net 120 day terms, meaning that payment was due 120 days after the date of plaintiff's invoices.  Plaintiff's last order was filled on Net 180 day terms, meaning that payment for that order was due 180 after the date of plaintiff's invoice dated May 5, 2017.

11. Plaintiff's invoices issued in or after December 2016 also provided that defendant agreed:  to pay monthly service charges of 1 ½%, or 18% per annum, on amounts more than 30 days past due; to pay all of plaintiff's costs and expenses, including reasonable attorney's fees, in the event that plaintiff was required to collect the amounts due; and to submit all "claims, billing inquiries or discrepancies," to plaintiff in writing upon delivery of plaintiff's merchandise.

12. Defendant received, accepted and retained plaintiff's jewelry, with the exception of certain pieces which it returned, for which it was given full credit by plaintiff.

13. However, defendant failed to pay plaintiff for all of the pieces of fine jewelry that it accepted and retained, and has only made sporadic payments since May 2017, with the result that payment for $197,571.25 of plaintiff's merchandise remains seriously past due despite repeated

demands for payment by plaintiff.

## AS AND FOR A FIRST CLAIM FOR RELIEF

14. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 13, above, as though they were fully set forth herein.

15. As the result of plaintiff's acceptance of defendant's orders for pieces of plaintiff's fine jewelry, plaintiff and defendant entered into a series of contracts, from about November 2014 through May 2017, in which defendant agreed to pay for the pieces which it received, accepted and retained, at agreed prices, and in which defendant also agreed to pay service charges at the rate of 18% per annum of balances more than 30 days past due, as well as plaintiff's collection costs, including reasonable attorneys fees.

16. Plaintiff performed its obligations under the parties' contracts by shipping the pieces of fine jewelry that defendant ordered to defendant.

17. Defendant breached the parties' contracts by failing to pay for the pieces of plaintiff's fine jewelry that it received, accepted and retained in full, according to the contracts' payment terms.

18. Plaintiff has therefore been damaged by defendants' breach of the parties' contracts in the principal amount of $197,571.25, demand for which has been duly made, plus interest at the rate of 18% per annum from December 31, 2016, and plaintiff's costs and disbursements in this action, including reasonable attorney's fees.

## AS AND FOR A SECOND CLAIM FOR RELIEF

19. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18, above, as though they were fully set forth herein.

3

20. During the period from about November 2014 through about May 2017, plaintiff sold and delivered various pieces of fine jewelry to defendant at agreed prices.

21. Defendant failed to pay plaintiff in full for the agreed prices of the pieces of plaintiff's fine jewelry that it received, accepted and retained as payment for those pieces became due.

22. Plaintiff is therefore entitled to recover the price of the pieces of its fine jewelry that defendant received, accepted and retained pursuant to Section 2-709(1)(a) of New York's Uniform Commercial Code.

23. By reason of defendant's failure to pay the price of plaintiff's jewelry in full, plaintiff has been damaged in the principal amount of $197,571.25, demand for which has been duly made, plus interest at the rate of 18% per annum from December 31, 2016, and plaintiff's costs and disbursements in this action, including reasonable attorney's fees.

### AS AND FOR A THIRD CLAIM FOR RELIEF

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23, above, as though they were fully set forth herein.

25. During the period from about November 2014 through about May 2017, plaintiff sold and delivered various pieces of fine jewelry to defendant with the mutual understanding that defendant would compensate plaintiff for the fair and reasonable value of the pieces that it received, accepted and retained.

26. Defendant nevertheless failed to pay plaintiff for pieces of fine jewelry, which it received, accepted and retained, having a total fair and reasonable value in the amount of $197,571.25.

27. Defendant was thereby enriched and benefitted at plaintiff's expense in the amount of

4

$197,571.25.

28. It would be against equity and good conscience to permit defendant to retain the benefit of the jewelry for which it has not paid plaintiff.

29. Plaintiff has therefore been damaged in the principal amount of $197,571.25, demand for which has been duly made, plus interest from December 31, 2016, and plaintiff's costs and disbursements in this action.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29, above, as though they were fully set forth herein.

31. Since about November 2014, Plaintiff has sent invoices and account statements to defendant for the amounts owed by defendant to plaintiff.

32. Defendant received plaintiff's invoices and account statements and retained them without communicating timely objections to plaintiff, in writing or otherwise.

33. Defendant acquiesced in the accounts stated by plaintiff, and has confirmed their correctness to plaintiff.

34. By failing to pay plaintiff's stated accounts, defendant has damaged plaintiff in the principal amount of $197,571.25, demand for which has been duly made, plus interest at the rate of 18% per annum from December 31, 2016, and plaintiff's costs and disbursements in this action, including reasonable attorney's fees.

**WHEREFORE,** plaintiff, Roxx Alison Ltd., respectfully demands that the Court make and enter a judgment as follows:

A. Awarding the plaintiff damages, under the First Claim for Relief, in the total principal

amount of $197,571.25, plus interest at the rate of 18% per annum from December 31, 2016;

     B. Awarding the plaintiff damages, under the Second Claim for Relief, in the total principal amount of $197,571.25, plus interest at the rate of 18% per annum from December 31, 2016;

     C. Awarding the plaintiff damages, under the Third Claim for Relief, in the total principal amount of $197,571.25, plus interest from December 31, 2016;

     D. Awarding the plaintiff damages, under the Fourth Claim for Relief, in the total principal amount of $197,571.25, plus interest at the rate of 18% per annum from December 31, 2016;

     E. Awarding plaintiff its costs and disbursements in this action, including reasonable attorney's fees; and

     F. Awarding plaintiff such other, further or different relief as the Court may deem to be just and proper.

Dated: New York, New York
     April 3, 2019

Stuart L. Sanders, Esq.
KAZLOW & KAZLOW
Attorneys for Plaintiff
237 West 35th Street, 14th Floor
New York, NY 10001
Tel.: (212) 947-2900
Fax: (212) 563-0629
E-mail: ssanders@kazlowandkazlow.com